**Harry W. Craven, trading as The Hollister Drug Company, Defendant in Error, v. Stone Store & Office Fixture Company, Plaintiff in Error.**

### Gen. No. 20,640. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

## Statement of the Case.

Action by Harry W. Craven, trading as The Hollister Drug Company, against Stone Store & Office

Fixture Company to recover $105, the amount paid by plaintiff to defendant for certain goods.

The evidence showed that the goods were purchased at an agreed price of $105 on September 13, 1913, and that defendant stated that they would be shipped to him in Idaho in a week; that plaintiff paid $30 on account; that in November, 1913, or February, 1914, the remainder of the contract price was paid on the representation that the payment was necessary in order to secure from the forwarding company a rate less than the railroad rate; that in reply to plaintiff's inquiry on February 18, 1914, defendant informed him that the goods had been shipped; that plaintiff at the time told the defendant that if they had not been shipped he did not wish them, and was again informed that they had been shipped; that he requested the invoice and was told it had been mislaid; that the goods were not delivered to the forwarding company until February 19, 1914, that on February 19, 1914, defendant, after having asked for the invoice, was told it had been sent to Idaho; that thereafter he found the goods in the possession of the forwarding company and directed that they be not shipped.

To reverse a judgment for plaintiff for $105, defendant prosecutes this writ of error.

BLUM & BLUM, for plaintiff in error.

ELMER M. LIESSMANN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 124*—*when reasonable time for delivery a question of fact.* In an action by a purchaser to recover the purchase price of goods, where it appears that he had bought them on November

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

13, 1913, the defendant stating that they would be shipped in a week, and that on February 18, 1914, plaintiff informed defendant that if they had not been shipped he did not wish them, the question whether a reasonable time for the delivery had elapsed before the countermand is one of fact.

2. SALES, § 128*—*what delivery not sufficient to vest title in purchaser.* The delivery of goods by the seller to a forwarding company to be shipped to the purchaser does not vest title in the purchaser, where such delivery is not made in a reasonable time.

3. SALES, § 117*—*when demand not necessary in action to recover back purchase price.* In an action to rescind a contract and recover the purchase price, where the goods were not delivered in a reasonable time, no demand is prerequisite.

4. CONTRACTS, § 261*—*when evidence sufficient to show right to rescind.* Evidence examined and *held* to show that plaintiff had the right to rescind and did rescind before bringing an action to recover the purchase price paid for goods.